UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY FARKAS, M.D., LLC d/b/a INTERVENTIONAL NEURO ASSOCIATES,<br><br>Plaintiff,<br><br>-against-<br><br>HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY,<br><br>Defendant. | Index No.:<br><br>**COMPLAINT** |

Plaintiff, Jeffrey Farkas, M.D., LLC d/b/a Interventional Neuro Associates ("Plaintiff"), on assignment of Efrain R., by and through its attorneys, Schwartz Sladkus Reich Greenberg Atlas LLP, by way of Complaint against Horizon Blue Cross Blue Shield of New Jersey ("Defendant"), alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a New Jersey limited liability company with a principal place of business at 43 Westminster Avenue, Bergenfield, New Jersey, 07261.

2. Upon information and belief, Defendant is engaged in providing and/or administering health care plans or policies in the state of New York.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). The insurance policy at issue is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. The administrative remedies have been exhausted.

4. Venue is proper in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to this action occurred with the District.

## FACTUAL BACKGROUND

5. Plaintiff is a medical provider comprised of a team of neurologists who specialize in acute treatment following strokes, brain aneurysms, carotid disease, and vascular problems of the brain, spine, and neck.

6. Plaintiff's doctors perform major brain surgery in emergency, and often lifesaving, situations.

7. On or around October 12, 2018, Plaintiff's physicians performed an emergent cerebral arteriogram on Efrain R. ("Patient") who presented to the emergency department of NYU Langone Medical Center after suffering a ruptured arteriovenous malformation. (*See*, **Exhibit A**, attached hereto.)

8. Plaintiff's physicians performed subsequent evaluations on Patient, in NYU Langone Medical Center, on October 17, 2018, October 25, 2018 and October 26, 2018.

9. At the time of his treatment, Patient was the beneficiary of an employer-based health insurance plan for which Defendant served as claims administrator.

10. Patient assigned his applicable health insurance rights and benefits to Plaintiff. (*See*, **Exhibit B**, attached hereto.)

11. Subsequently, Plaintiff submitted Health Care Financing Administration ("HCFA") medical bills to Defendant demanding payment for the performed treatment in the total amount of $162,063.96.

12. As an out-of-network provider, Plaintiff does not have a network contract with Defendant that would determine or limit payment for Plaintiff's treatment of Defendant's members.

13. Plaintiff's total charges of $162,063.96 are comprised of four separate claims. The first claim was in the amount of $158,263.96 and related to Patient's emergency surgery of October 12, 2018. (*See*, **Exhibit C**, attached hereto.)

14. In response to Plaintiff's first claim, Defendant "allowed" payment in the amount of $1,511.38, of which Defendant paid $892.63, applied $236.18 towards Patient's deductible, and applied an additional $382.57 towards Patient's coinsurance. (*See*, **Exhibit D**, attached hereto.)

15. Of the remaining $156,752.58 in Plaintiff's charges relating to Plaintiff's first claim, Defendant deemed $155,971.33 as "customer liability" and left an additional $781.25 unaccounted for. *Id*.

16. Plaintiff submitted three additional claims totaling $3,800.00, for the three evaluations that took place subsequent to Patient's surgery. (*See*, **Exhibit E**, attached hereto.)

17. Upon information and belief, Defendant failed to issue any payment on Plaintiff's three claims associated with Patient's post-surgery evaluations.

18. Patient submitted multiple internal appeals to Defendant challenging Defendant's reimbursement as an underpayment pursuant to the terms of Patient's insurance policy.

19. Specifically, Patient's appeals noted that his treatment was emergent and therefore Defendant's reimbursement should have been elevated to reflect his lack of an opportunity to utilize an in-network physician.

20. While Defendant denied Patient's appeals, Defendant's denial did not address the fact that Patient's treatment was emergent. Rather, Defendant's denial simply reiterated that the reimbursement for Patient's treatment was subject to Defendant's out-of-network schedule. (*See*, **Exhibit F**, attached hereto.)

21. Defendant further represented that Patient's appeals process had exhausted and that his only further recourse was via civil litigation under ERISA. *Id*.

22. Upon information and belief, Defendant failed to issue reimbursement for Patient's treatment in accordance with the terms of Patient's insurance plan.

23. Upon information and belief, Patient's insurance plan limits Patient's cost-sharing liability for out-of-network emergency services to the cost-sharing that would apply had the treatment been performed by an in-network doctor.

24. Thus, under the terms of Patient's insurance plan, Defendant should have issued reimbursement in accordance with Plaintiff's billed charges or at a rate agreed upon by Plaintiff.

25. Accordingly, Plaintiff brings this action for recovery of the outstanding balance, and Defendant's breach of fiduciary duty.

## COUNT ONE

### FAILURE TO MAKE PAYMENTS PURSUANT TO MEMBER'S PLAN UNDER 29 U.S.C. § 1132(a)(1)(B)

26. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 25 of the Complaint as though fully set forth herein.

27. Plaintiff avers this Count to the extent ERISA governs this dispute.

28. Section 502(a)(1), codified at 29 U.S.C. § 1132(a) provides a cause of action for a beneficiary or participant seeking payment under a benefits plan.

29. Plaintiff has standing to seek such relief based on the assignment of benefits obtained by Plaintiff from Patient.

30. Upon information and belief, Defendant acted in a fiduciary capacity in administering any claims determined to be governed by ERISA.

31. Plaintiff is entitled to recover benefits due to Patient under any applicable ERISA plan or policy.

32. As a result, Plaintiff has been damaged and continues to suffer damages in the operation of its medical practice.

## COUNT TWO

### BREACH OF FIDUCIARY DUTY AND CO-FIDUCIARY DUTY UNDER 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105 (a)

33. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 32 of the Complaint as though fully set forth herein.

34. 29 U.S.C. § 1132(a)(3)(B) provides a cause of action by a participant, beneficiary, or fiduciary to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

35. Plaintiff seeks redress for Defendant's breach of fiduciary duty and/or Defendant's breach of co-fiduciary duty under 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105 (a).

36. 29 U.S.C. § 1104(a)(1) imposes a "prudent man standard of care" on fiduciaries.

37. Specifically, a fiduciary shall discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses

of administering the plan; (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; (C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and (D) in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter. 29 U.S.C. § 1104(a)(1).

38. 29 U.S.C. § 1105(a) imposes liability for breaches of co-fiduciaries.

39. Specifically, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances: (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by his failure to comply with section 1104(a)(1) ["prudent man standard of care] of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach. 29 U.S.C. § 1105(a).

40. Here, when Defendant acted to partially deny payment for the medical bill at issue, and when they responded to the administrative appeals initiated by Plaintiff, they were clearly acting as a "fiduciary" as that term is defined by ERISA § 1002(21)(A) because, among other reasons, Defendant acted with discretionary authority or control to deny the payment and to manage the administration of the employee benefit plan at issue as described above.

41. Here, Defendant breached its fiduciary duties by: (1) failing to issue an Adverse Benefit Determination in accordance with the requirements of ERISA and applicable regulations; (2) participating knowingly in, or knowingly undertaking to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (3) failing to make reasonable efforts under the circumstances to remedy the breach of such other fiduciary; and (4) wrongfully withholding money belonging to Plaintiff.

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. For an Order directing Defendant to pay Plaintiff $160,552.58;
B. For an Order directing Defendant to pay Plaintiff all benefits Patient would be entitled to under the insurance plan or policy administered by Defendant;
C. For compensatory damages and interest;
D. For attorney's fees and costs of suit; and
E. For such other and further relief as the Court may deem just and equitable.


Dated: New York, NY
       September 2, 202

                                          SCHWARTZ SLADKUS
                                        REICH GREENBERG ATLAS LLP
                                        *Attorneys for Plaintiff*

                            By:   /s/ Michael Gottlieb
                                    Michael Gottlieb
                                    444 Madison Avenue
                                    New York, NY 10022
                                    (212) 743-7054